UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

No. 10 Civ. 6725 (RJS)

IN RE WAYNE A. STURMAN

OPINION AND ORDER
September 26, 2011

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/11

RICHARD J. SULLIVAN, District Judge:

Marc Stuart Goldberg ("Appellant"), who serves as Chapter 7 Trustee for three related debtors in bankruptcy, appeals the July 22, 2010 Order of the Honorable Shelley G. Chapman, Bankruptcy Judge, denying Appellant's motion for statutory relief and contempt sanctions against Donna Sturman ("Sturman") and her attorney David Relkin (collectively, "Appellees") for alleged violations of an automatic stay in a bankruptcy proceeding. For the reasons set forth below, the July 2010 Order is affirmed.

I. BACKGROUND[1]

Appellant is the Chapter 7 Trustee for three bankruptcy cases filed in 1989, brought by individual debtors and brothers Wayne A. Sturman, Bruce D. Sturman, and Howard P. Sturman (collectively, the

"bankruptcy estates"), which are not formally consolidated but have been jointly administered in the United States Bankruptcy Court for the Southern District of New York. Donna Sturman is the sister of the three individual debtors, and Relkin is her attorney. In 2002, Appellant settled all claims between the jointly administered bankruptcy estates and the estate of Sturman's mother, Muriel Sturman (the "probate estate"), which was before the Surrogate's Court of the State of New York. (Appellees' Br. 2.) In November 2009 Sturman, by and through her counsel, Relkin, petitioned the Surrogate's Court for a Temporary Restraining Order (the "Surrogate's Court motion") preventing Appellant from "taking any steps to close the [bankruptcy] Cases or to distribute any monies from the Cases," and "[c]ompelling him to disgorge any [probate] Estate assets." (Appellant's Br. app. 16.) Sturman maintained that Appellant was wrongfully in possession of property belonging to the probate estate, and alleged to the Surrogate's Court that funds distributed by the Bankruptcy Court were "properly under the administration and jurisdiction of" the Surrogate's Court. (Id. app. 15, 20-21.) The Surrogate declined to sign the proposed order. (Id. at 2.)

---

[1] In resolving the instant appeal, the Court has considered Appellant's Brief ("Appellant's Br."); Appellees' Brief ("Appellees' Br."); Appellant's Reply Brief ("Reply"); the Transcript of the Bankruptcy Court's July 13, 2010 Hearing on Order to Show Cause, Motion for Order to Allow Reopening of Adversaries, Motion for Order to Hold Contempt and Sanctions, Cross Motion for Accounting ("Tr."); and Appellant's Memorandum of Law in Support of Sanctions filed with the Bankruptcy Court ("Sanctions Mem.").

Approximately six weeks later, Appellant learned of the motion, and on January 27, 2010, he moved for the Bankruptcy Court to rule that Sturman and Relkin had violated the automatic stay imposed under 11 U.S.C. § 362. (*Id.* 2; app. 5-6.) Appellant also sought statutory damages and other sanctions pursuant to 11 U.S.C. § 362(k)(1). (*Id.*)

On July 13, 2010, Judge Chapman held a hearing on Appellant's motion. At that time, Judge Chapman ruled that Sturman's motion in the Surrogate's Court violated the automatic stay, but declined to award damages or sanctions "in the hope that . . . [the parties] can move on." (Tr. at 23, 55-56.) Following the hearing, the Bankruptcy Court issued its July 22, 2010 Order, denying without prejudice to renewal Appellant's motion for statutory relief and contempt sanctions.

On August 10, 2010, Appellant filed an appeal from that Order. The Appeal was fully submitted on February 16, 2011.[2]

## II. STANDARD OF REVIEW

District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a)(1). Specifically, "Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of discrete disputes within the larger case." *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992) (internal quotation marks omitted). The district court reviews the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *In re Bennett Funding Grp.*, 146 F.3d 136,

138 (2d Cir. 1998). A bankruptcy court's decision whether to award punitive damages is reviewed for abuse of discretion. *In re Adomah*, 368 B.R. 134, 137 (S.D.N.Y. 2007).

## III. DISCUSSION

Appellant argues on appeal that the Bankruptcy Court's failure to (1) award actual damages, and (2) consider punitive damages constituted error in light of Sturman's violation of the automatic stay.

### A. Violation of the Automatic Stay

As an initial matter, the Court concurs with the Bankruptcy Court's conclusion that Appellees violated the automatic stay. Section 362 of the Bankruptcy Code imposes an automatic stay upon the filing of a bankruptcy petition, prohibiting, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Section 362 further provides, subject to an exception not relevant here, that "an individual injured by any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, *may* recover punitive damages." *Id.* § 362(k)(1) (emphasis added).[3] For the purposes of § 362(k), "willful" means "any deliberate act taken in violation of a stay, which the violator knows to be in existence." *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir. 1990). In other words, specific intent to violate the stay is not

---

[2] On August 4, 2010, Sturman filed a cross-appeal raising various issues predicated on the invalidity of the 2002 settlement agreement. By Order dated October 15, 2010, the Court dismissed Sturman's appeal in its entirety.

[3] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 redesignated the former 11 U.S.C. § 362(h) as § 362(k). *See* Pub. L. No. 109-8, § 305(1)(B), 119 Stat 23, 79. Many of the cases discussed herein, therefore, refer to § 362(h); however, the relevant language is identical to the current § 362(k).

required; instead, "general intent in taking actions which have the effect of violating the automatic stay" is sufficient to warrant damages. *In re Dominguez*, 312 B.R. 499, 508 (Bankr. S.D.N.Y. 2004) (internal quotation marks and citations omitted).

Although the July 22, 2010 Order denying sanctions was not accompanied by a written opinion, the record of the July 13, 2010 hearing clearly reflects Judge Chapman's finding that Appellees' "attempt[] to get the Surrogate's Court to enjoin any further activity . . . in this case" was "a violation of the automatic stay." (Tr. at 23.) Later in the same hearing, Judge Chapman reiterated that "there were violations of the automatic stay in aspects of that motion." (*Id.* at 55.) Moreover, while the Bankruptcy Court did not specify whether the violation of § 362 was willful, it is undisputed that Appellees were aware of the bankruptcy proceedings and acted deliberately in bringing the Surrogate's Court motion.

As Judge Chapman correctly stated on the record, that motion sought not merely to dispose of undisputed probate estate assets, but "to enjoin any further activity" in the bankruptcy estates by preventing Appellant from taking action to close the bankruptcy cases. (*Id.* at 23.) Clearly, an action in state court to enjoin bankruptcy proceedings constitutes an act "to exercise control over property of the [bankruptcy] estate," whether or not bankruptcy assets are at stake in the state matter. 11 U.S.C. § 362(a)(3). The fact that, due to the settlement, bankruptcy assets were no longer involved in the probate estate is immaterial, as "section 362(a)(3) protects against acts to exercise control over property of the estate without distinction as to the form such interference takes." *In re Adelphia Comms. Corp.*, 345 B.R. 69, 87 (Bankr. S.D.N.Y. 2006) (internal quotation marks and

citations omitted); *see also In re First Cent. Fin. Corp.*, 269 B.R. 502, 521 (Bankr. E.D.N.Y. 2001) ("To the extent that the state court may purport to enjoin the Trustee from seeking to liquidate this asset . . . , such action may well violate the automatic stay . . . .").

In light of the Bankruptcy Court's correct determination that Appellees violated the automatic stay, the Court now turns to the issues that form the focus of Appellant's appeal; namely, whether actual and punitive damages were warranted.

## B. Actual Damages

Appellant argues that the Bankruptcy Court erred in failing to award actual damages for Appellees' violation of the automatic stay, as required by § 362(k).[4] The plain language of that section, which states that individuals harmed by willful violations of the automatic stay "*shall* recover actual damages," indicates that compensatory damages for actual harm suffered as a result of violative conduct are not discretionary. 11 U.S.C. § 362(k)(1) (emphasis added). Most courts to address the issue have come to the same conclusion. *See, e.g.*, *In re Crawford*, 388 B.R. 506, 518 (Bankr. S.D.N.Y. 2008) ("Section 362(k)(1)

---

[4] In Appellant's Statement of Issues on Appeal, filed on September 9, 2010, he also raises whether Appellees, "even apart from statute, should be held liable for contempt and for acting in bad faith . . . ." (Doc. No. 3-1.) However, Appellant's briefing presents only issues relating to the relief available pursuant to § 362 and raises contempt in a footnote. (*See* Appellant's Br. 2, 9 n.3.) Accordingly, the issue of contempt is deemed waived. In any event, it would have no bearing on the outcome of this case since Judge Chapman did not abuse her discretion in refusing to impose contempt sanctions. *See In re Revere Copper and Brass, Inc.*, 29 B.R. 584, 588 (Bankr. S.D.N.Y. 1983) ("It is within the sound discretion of the court to refuse to hold persons in contempt for a violation of the automatic stay.").

mandates an award of actual damages to an individual where the violation is willful . . . ."); *In re Youssef*, No. CC–10–1235, 2011 WL 3298903, at \*4 (B.A.P. 9th Cir. Feb. 1, 2011) ("If a bankruptcy court finds that a willful violation of the automatic stay has occurred, an award of actual damages to an individual debtor, including attorney's fees, is mandatory."); *In re Colon*, 114 B.R. 890, 898 & n.10 (Bankr. E.D. Pa. 1990) (distinguishing between civil contempt damages, which are discretionary, and compensatory damages under § 362).[5]

Nevertheless, the party seeking damages for a violation of the automatic stay bears the burden of proving that damages were actually incurred. *In re Dominguez*, 312 B.R. at 508. Where no injury results from the violation of the automatic stay, an award of damages is clearly inappropriate. *See Salem v. Paroli*, 260 B.R. 246, 257 (S.D.N.Y. 2001) (affirming denial of damages where violation was not willful and there were no damages); *see also In re Rashid*, 210 F.3d 201, 209 (3d Cir. 2000) (superseded on other grounds) (holding that where no injury can be alleged from the violation, denial of damages was proper).

Similarly, although Section 362(k)(1) specifically provides for the inclusion of costs and attorney's fees among actual damages, many courts have expressed

reluctance to award fees and costs in the absence of other actual damages for fear of encouraging an "'excessively litigious approach'" to minor stay violations. *See In re Saratoga Springs Plastic Surgery, PC*, No. 03 Civ. 896 (DNH), 2005 WL 357207, at \*5 n.4 (N.D.N.Y. Feb. 11, 2005) (quoting *In re Hill*, 222 B.R. 119, 124 (Bankr. N.D. Ohio 1998)); *In re Whitt*, 79 B.R. 611, 616 (Bankr. E.D. Pa. 1987) (concluding such awards "are allowable only to embellish 'actual damages'"); *but see In re Solis*, 137 B.R. 121, 133 (Bankr. S.D.N.Y. 1992) (concluding that costs and fees may be awarded even if the movant "failed to introduce evidence as to other harm suffered"), *In re Seniecle*, No. 06–34763 (MCR), 2009 WL 2902939, at \*3 (Bankr. N.D.N.Y. Apr. 20, 2009) (determining that costs and fees may be awarded "even if the debtor has suffered no other compensable harm") (citing *In re Sullivan*, 367 B.R. 54, 66 (Bankr. N.D.N.Y. 2007)).

This concern about the propriety of awarding fees in the absence of other actual damages is particularly compelling where, as here, the only fees and costs at issue were expended not in efforts to withdraw the offending judgment or motion or to halt the offending conduct, but in bringing a motion for damages under § 362. "[F]ees and costs must be reasonable and necessary," so as to avoid "foster[ing] a cottage industry built around satellite fee litigation." *In re Prusan*, No. 09-49719 (CEC), 2010 WL 813778, at \*3 (Bankr. E.D.N.Y. Mar. 2, 2010) (internal quotation marks and citations omitted); *see also In re Miller*, 447 B.R. 425, 435 (Bankr. E.D. Pa. 2011) (where willful violator of stay ceased violation unilaterally and debtors initiated sanctions proceeding months later, "[n]o attorneys' fees were necessary; no attorneys' fees are reasonable"). Thus, while there is no bright-line rule prohibiting recovery of fees in the absence of other damages, a bankruptcy

---

[5] Because the bankruptcy court has broad equitable powers, some courts have found that if "equitable considerations outweigh[] the debtor's statutory right to recovery" under § 362, denial of actual damages may not be an abuse of the court's discretion despite their mandatory nature. *In re Barclay*, No. 05–8019; 2006 WL 238139, at \*6 (B.A.P. 6th Cir. Feb. 1, 2006). Some courts have cautioned that such equitable considerations, though, must be compelling enough to "outweigh the court's need for enforcement of an orderly administration of the bankruptcy estate." *Id.* (internal quotation marks omitted).

judge's decision to deny an award of attorney's fees and costs, even for a willful violation of the automatic stay, will be justified where litigation is not "reasonable and necessary to vindicate [the debtor's] rights or the congressional policies underlying § 362(k)." *In re Beebe*, 435 B.R. 95, 102 (Bankr. N.D.N.Y. Aug. 20, 2010).

Here, there has been little serious showing of actual harm. Though the Surrogate's Court motion, if granted, could have harmed or hindered administration of the bankruptcy estates, the Surrogate declined to sign the proposed order to show cause. (Appellant's Br. 2.) Appellant acknowledges in his brief that he did not learn of the motion until approximately six weeks later, after it had been rejected. (*Id.*) He further concedes that "no legal fees were necessitated to defend the Surrogate's Court application made by Relkin and Sturman," and focuses instead on his right, regardless of that fact, to recover fees and costs "incurred in prosecuting the application to Judge Chapman and the instant cross-appeal to this Court," as well as punitive damages. (Reply at 4.) Additionally, Appellant asserts that Appellees' "scurrilous and libelous accusations" in submissions to the Surrogate's and Bankruptcy courts (Appellant's Br. app. 7-12) caused *per se* "injury to [Appellant's] reputation . . ." (Sanctions Mem. 9-10).

While the Bankruptcy Court made no specific finding as to the existence of actual damages, a district court may "affirm the bankruptcy court on any grounds supported by the underlying record." *In re Winters*, No. 96 Civ. 7117 (BMM), 1999 WL 281083, at *11 (E.D. Ill. Mar. 31, 1999); *see also Salem*, 260 B.R. at 256-57 (reviewing bankruptcy court's dismissal of adversary proceeding for sanctions issued without opinion and affirming based, *inter alia*, on finding that the plaintiff had failed to

establish damages). Neither in the underlying record nor in his briefing has Appellant made a compelling case that Appellees' violation of the automatic stay caused any damages other than the costs of the litigation that is now before this Court. The most serious harm that could have befallen the bankruptcy estates was averted, without any action by Appellant, when the Surrogate's Court refused Sturman's motion. To the extent that Appellant maintains that Appellees' filings contained unfounded attacks that damaged his reputation, the Court finds that such damages are too far removed from the types of harm that usually fall upon debtors and property as a result of interference with bankruptcy estates and proceedings. Using § 362 to assert reputational injury to the Chapter 7 Trustee based on a theory of defamation, absent harm to the debtors or the bankruptcy estates, is exactly the type of "satellite litigation" that many courts have reasonably sought to avoid.[6]

Put simply, the apparent lack of any harm provides support for Judge Chapman's decision to deny the motion and more than justifies her conclusion that the parties should move forward to an ultimate resolution of a now decades-old bankruptcy case. *See, e.g.*, *In re Tarone*, 434 B.R. 41, 53 (Bankr. E.D.N.Y. 2010) ("[F]ailure to allege a cognizable injury . . . proves fatal to [a] claim for sanctions and damages." (internal quotation marks omitted)). In light of these facts, and given the absence of actual damages, the Bankruptcy Court did not err in declining to award other damages, including attorney's fees and costs.

---

[6] Of course, there is nothing to prevent Appellant from commencing a libel action against Sturman and Relkin in state court.

## C.  Punitive Damages

Punitive damages are appropriate only for violations of the automatic stay that are "malicious[] or in bad faith." *In re Adomah*, 368 B.R. at 139. Indeed, "even callous disregard is an insufficient basis upon which to award punitive damages." *Id.* In determining whether a violation would justify the imposition of punitive damages, courts have looked to a variety of factors, including: "(1) the nature of the [violator's] conduct; (2) the [violator's] ability to pay; (3) the [violator's] motives; . . . (4) any provocation by the debtor," and (5) "the [violator's] level of sophistication." *In re Crawford*, 388 B.R. at 525. Moreover, even where punitive damages might be appropriate, the law is clear that "[t]he bankruptcy court has considerable discretion in granting or denying punitive damages." *In re Stinson*, 128 F. App'x 30, 32 (9th Cir. 2005); *see also In re Heghmann*, 316 B.R. 395, 405 (B.A.P. 1st Cir. 2004) (noting that the Bankruptcy Code does not specify a standard for punitive damages, "leaving it to the sound discretion of the bankruptcy court"). The goal of awarding punitive damages is primarily to deter violations of the automatic stay, and may be appropriate even if actual damages are minimal. *In re Crawford*, 388 B.R. at 525. Nevertheless, such determinations are properly left to the sound discretion of the Bankruptcy Court.

Although Judge Chapman clearly found on the record that Appellees' conduct violated § 362, she did not make any specific finding as to whether the violation was "malicious or in bad faith." Judge Chapman did, however, consider the issue of damages and sanctions, and determined that, "[i]n the interests of justice and in the hope that this can be done and that Ms. Sturman can move on," sanctions were not appropriate. (Tr. at 55-56.) Contrary to Appellant's assertions, there is nothing to suggest that Judge Chapman "fail[ed] . . . to consider" or misapprehended her power to impose punitive damages on Appellees. (Appellant's Br. 2.) Rather, the obvious inference is that Judge Chapman was aware of her power to sanction but, in her discretion and based on the facts and circumstances of the case before her, determined that punitive damages would not be in the interest of justice. Having reviewed the record in its entirety, the Court concurs and cannot find that the Bankruptcy Court abused its discretion in declining to award punitive damages.[7]

## IV. CONCLUSION

For the foregoing reasons, the Court affirms the Bankruptcy Court's July 2010 Order. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

_____
RICHARD J. SULLIVAN
United States District Judge

Dated:  September 26, 2011
        New York, New York

\*\*\*

Appellant is represented by Anthony L. Tersigni and Richard Neil Gray of Meyers Tersigni Feldman & Gray LLP, 14 Wall Street, 19th Floor, New York, New York, 10005. Appellees are represented by David Harlow Relkin, 575 Eighth Avenue, Suite 1706, New York, New York, 10018.

---

[7] Because the Bankruptcy Court did not err in denying Appellant's motion, the issue raised in his brief as to whether Sturman and Relkin are jointly and severally liable for any damages is moot.

6